UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

===================================

SHIRLEY WRUBEL individually and
on behalf of all others similarly situated

                               Plaintiff,

      -against-

D & A SERVICES, LLC OF IL

                               Defendant.

===================================

## CLASS ACTION COMPLAINT

### *I.  Introduction*

Now comes Plaintiff, by and through her attorneys, and, for her Complaint alleges as follows:

1. Plaintiff Shirley Wrubel brings this action to secure redress from unlawful collection practices engaged in by Defendant D & A Services, LLC of IL. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692d, 1692e and 1692f.

## II. Parties

3. Plaintiff is a citizen of the State of New York who resides within this District.

4. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

5. Upon information and belief, Defendant's principal place of business is located in Des Plaines, Illinois.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## III. Jurisdiction and Venue

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## IV. Allegations

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. On or about June 6, 2016, D & A Services, LLC of IL sent a collection letter to the Plaintiff Shirley Wrubel. (see attached exhibits)

12. The said letter was an effort to collect on a consumer debt.

13. The said collection letter was confusing to the Plaintiff and is likely to be misconstrued by the "least sophisticated consumer" since it is open to more than one reasonable interpretation, at least one of which is inaccurate.

14. The Second Circuit stated in <u>Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 74 (2d Cir. 2016)</u>

> "The question presented is whether a collection notice that states a consumer's "current balance," but does not disclose that the balance <u>may</u> increase due to interest and fees, complies with this provision. We hold that Section 1692e requires debt collectors, when they notify consumers of their account balance, to disclose that the balance <u>may</u> increase due to interest and fees."

15. The holding of the Second Circuit is that Section 1692e of the FDCPA requires every debt collector in every collection letter "to disclose that the balance <u>may</u> increase due to interest and fees".

16. However if the "account balance" will never increase and the holder of the debt will <u>always</u> accept payment of the amount set forth in full satisfaction of the debt then the Second Circuit alternatively stated:

> "We hold that a debt collector will not be subject to liability under Section 1692e for failing to disclose that the consumer's balance <u>may</u> increase due to interest and fees if the collection notice *either* accurately informs the consumer that the amount of the debt stated in the letter <u>will</u> increase over time, *or* clearly states that the holder of the debt <u>will</u> accept payment of the amount set forth in full satisfaction of the debt." Id. at 817.

17. The Second Circuit in *Avila* did not "hold that a debt collector must use any particular disclaimer" *Id.*

18. However the Second Circuit did address all the possible scenarios: 1) If the "current balance" <u>could</u> increase over time, then the collection notice must disclose

-3-

that the "balance <u>might</u> increase due to interest and fees". *Id.* 2) If the "current balance" is <u>currently</u> increasing, then the collection notice must disclose that the amount of the debt stated, "in the letter <u>will</u> increase over time". *Id.* 3) If the "current balance" will never increase and the debt collector is always willing to accept this "specified amount" in "full satisfaction" of the debt, then the debt collector must state so clearly. However, if a debt collector is willing to accept a "specified amount" in full satisfaction of the debt <u>only</u> if payment is made by a specific date, then the debt collector must simplify the consumer's understanding by so stating, while advising that the amount due <u>could</u> increase by the accrual of additional interest or fees if payment is not received by that date.

19. In this case, the "Current Balance" would increase over time due to undisclosed fees. Nevertheless, the collection notice did not disclose that the amount of the debt stated in the letter "could" or "will" increase over time.

20. Though the June 6, 2016 letter listed a "Current Balance" and demanded payment in full, the letter did not state on which date the "Current Balance" was calculated, and did not explain that other charges would continue to accrue on the unpaid principal; thus, the Plaintiff's total balance might be greater on the date she makes a payment.

21. A reasonable consumer could read the notice and be misled into believing that he or she could always pay his or her debt in full by paying the amount listed on the notice.

22. Yet in reality, the "Current Balance" was not static as represented by a summons and complaint which was filed against Plaintiff in Civil Court, which

demanded the "sum of $4,782.03 together with the disbursements of this action."

23. Since there are undisclosed costs, disbursements and fees, a consumer who pays the "Current Balance" stated on the notice will not know whether the debt has been paid in full.

24. The debt collector could still seek the fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.

25. The statement of a "Current Balance," without notice that the amount could increase over time, or already increasing due to other charges, would mislead the least sophisticated consumer into believing that payment of the amount stated will clear his or her account.

26. The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest or fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

27. Collection notices that state only the "Current Balance," but do not disclose that the balance might increase due to interest or fees, are "misleading" within the meaning of Section 1692e.

28. Although the said June 6, 2016 letter stated an amount due and demanded payment in full, the letter also failed to disclose to the Plaintiff that the debt could accrue additional charges over time.

29. Upon receiving the said June 6, 2016 letter, the Plaintiff was uncertain whether the amount due was static as there was no disclosure or admonition indicating otherwise.

30. A debtor who pays the "Current Balance" stated in the collection letter will be left unsure as to whether or not the debt has been paid in full, as the Defendant could still attempt to collect on any interest and fees that accumulated after the letter was sent but before the balance was paid.

31. The June 6, 2016 letter would cause the unsophisticated consumer uncertainty and force him or her to guess how much money he or she allegedly owed to the Defendant, how much money would accrue daily on the consumer's alleged debt, how much additional money he or she would owe if the consumer paid the amount demanded in the said letter, and if or when the Defendant's collection efforts would actually discontinue if the consumer remitted "Current Balance" that the Defendant demanded.

32. The said letter fails to include <u>any</u> of the safe harbor language set out by the Second Circuit.

33. The Plaintiff was left unsure whether the "Current Balance" would accrue any type of fees, costs and/or disbursements as there was no disclosure that indicated otherwise.

34. If the "Current Balance," will never increase and the debt collector is always willing to accept this "specified amount" in "full satisfaction" of the debt, then the debt collector must clearly state that the holder of the debt will <u>always</u> accept payment of the amount set forth in "full satisfaction" of the debt.

35. Defendant was required to include a disclosure that the debt may increase over time, or in the alternative, the Defendant was required to disclose that the creditor will always accept this "specified amount" in "full satisfaction" of the debt nonetheless it did not make any of those "safe harbor" disclosures in violation of 1692e.

36. Requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as the Plaintiff, who may hold the reasonable, but mistaken belief that timely payment will satisfy their debts and it protects them from other debt collectors seeking undisclosed charges on this debt over time.

37. 15 U.S.C. § 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of –

the character, amount, or legal status of any debt; or

(10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

38. The said letter is a standardized form letter.

39. On information and belief, the Defendant's collection letters, such as the said June 6, 2016 collection letter, number in the hundreds.

40. The Plaintiff alleges and avers that Defendant's June 6, 2016 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt

-7-

and for misrepresenting the amount of the debt owed by the Plaintiff.

41. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

42. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

43. The Plaintiff alleges and avers that Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

44. The Plaintiff alleges and avers that Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

45. The Plaintiff alleges and avers that Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

46. The Plaintiff alleges and avers that Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

47. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Plaintiff alleges and avers that Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

48. These deceptive communications additionally violated the FDCPA since

they frustrate the consumer's ability to intelligently choose his or her response.

49. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## V. Class Allegations

50. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

51. The identities of all class members are readily ascertainable from the records of D & A Services, LLC of IL and those business and governmental entities on whose behalf it attempts to collect debts.

52. Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of D & A Services, LLC of IL, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

53. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

54. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

55. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

56. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter.

Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

57. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the FDCPA, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

58. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

59. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

60. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

### *VI.   First Cause of Action*

61. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

62. This cause of action is brought on behalf of Plaintiff and the members of a class of whom Defendant's records reflect resided in the State of New York:

> a) who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff, within one year prior to the date of the within complaint up to and including the date of the filing of this complaint;
>
> b) the collection letter was sent to a consumer seeking payment of a personal debt;
>
> c) the collection letter was not returned by the postal service as undelivered;
>
> d) the Plaintiff alleges and avers that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

### VII.  Violations of the Fair Debt Collection Practices Act

63. The Defendant's actions as set forth above in the within complaint violates the FDCPA.

64. Because the Defendant violated the FDCPA, the Plaintiff and the members of the class are entitled to damages in accordance with the FDCPA.

65. As a direct and proximate result of these violations of the above FDCPA violations, Plaintiff and class members have suffered harm and are entitled to preliminary and permanent injunctive relief, and to recover statutory damages, costs and attorney's fees.

### VIII.  Jury Demand

66. Plaintiff demands a trial by jury.

### IX.  Prayer for Relief

67. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

1) Statutory damages under the FDCPA, 15 U.S.C. § 1692(k);

2) Attorney fees, litigation expenses and costs of suit;

3) An order enjoining and directing Defendant to comply with the FDCPA in its debt collection activities; and

4) Such other and further relief as the Court deems proper.

Dated: Brooklyn, New York
   June 5, 2017

          /s/ David Palace
          **Law Offices of David Palace** (DP 3855)
          383 Kingston Ave. #113
          Brooklyn, New York 11213
          Telephone: 347-651-1077
          Facsimile: 347-464-0012



**D & A Services, LLC of IL**
1400 E. Touhy Ave, Ste. G2
Des Plaines, IL 60018

| D&A # | Current Creditor | Original Account # | Current Balance |
|---|---|---|---|
| Redacted 63 | Barclays Bank Delaware | XXXXXXXXXXXX4481 | $4,782.03 |

Toll Free: 888-215-7821
Fax: 855-226-1835  •  Web: www.dnasllc.com
Hours of Operations:    M-Th 8 am – 8 pm CST
                       Fri 8 am – 5 pm CST
                       Sat 8 am – 12 pm CST

111

Shirley Wrubel
198 Wilson St Apt 3B
Brooklyn, NY  11211-7218

New York City Department of Consumer Affairs
License Number(s): 2024361-DCA, 2024421-DCA

June 06, 2016

Dear Shirley Wrubel:

Your Account has been placed with our office to seek a resolution with you for the Total Amount Due on your account. Accordingly, if you want to resolve this matter, we are offering an opportunity for you to resolve the debt (unless it has already been paid). If you cannot pay the amount due, please call us at 1-888-215-7821 to discuss further arrangements.

Please note that your account has been placed with us to seek a resolution. If a resolution is not reached, our client will remove this account from our office and may consider additional remedies to recover the outstanding debt.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

Sincerely,
Anthony Crews
888-215-7821
D&A Services, LLC

Accounting of Debt:
The total amount of the debt due as of charge-off: $4,782.03
The total amount of interest accrued since charge-off: $0.00
The total amount of non-interest charges or fees accrued since charge-off: $0.00
The total amount of payments and credits made on the debt since the charge-off: $0.00

***detach below and return in the enclosed envelope with your payment***

1400 E. Touhy Ave
Suite G2
Des Plaines, IL  60018

888-215-7821

| D&A# | Current Balance |
|---|---|
| Redacted 63 | $4,782.03 |

| Contact Number | Payment Amount |
|---|---|
|  | $ |

Shirley Wrubel
198 Wilson St Apt 3B
Brooklyn, NY  11211-7218

Make your check or money order payable to:
D & A Services, LLC of IL
1400 E. Touhy Ave
Suite G2
Des Plaines, IL  60018

*When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.

14



**D & A Services, LLC of IL**
1400 E. Touhy Ave, Ste. G2
Des Plaines, IL 60018

| D&A # | Current Creditor | Original Account # | Current Balance |
|---|---|---|---|
| Redacted 63 | Barclays Bank Delaware | XXXXXXXXXXXX4481 | $4,782.03 |

Toll Free: 888-215-7821
Fax: 855-226-1835  •  Web: www.dnasllc.com

We are required to notify you of the following:

(1) That debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:
    (i) the use or threat of violence;
    (ii) the use of obscene or profane language; and
    (iii) repeated phone calls made with the intent to annoy, abuse, or harass.

(2) If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:
    1. Supplemental security income, (SSI);
    2. Social security;
    3. Public assistance (welfare);
    4. Spousal support, maintenance (alimony) or child support;
    5. Unemployment benefits;
    6. Disability benefits;
    7. Workers' compensation benefits;
    8. Public or private pensions;
    9. Veterans' benefits;
    10. Federal student loans, federal student grants, and federal work study funds; and
    11. Ninety percent of your wages or salary earned in the last sixty days.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.

**CONSUMER CREDIT TRANSACTION**
**IMPORTANT! YOU ARE BEING SUED!!**
**THIS IS A COURT PAPER** - *A SUMMONS*

**DON'T THROW IT AWAY!! TALK TO A LAWYER RIGHT AWAY! PART OF YOUR PAY CAN BE TAKEN FROM YOU [GARNISHEED]. IF YOU DO NOT BRING THIS TO COURT, OR SEE A LAWYER, YOUR PROPERTY CAN BE TAKEN AND YOUR CREDIT RATING CAN BE HURT!! YOU MAY HAVE TO PAY OTHER COSTS TOO!! IF YOU CAN'T PAY FOR YOUR OWN LAWYER, BRING THESE PAPERS TO THIS COURT RIGHT AWAY. THE CLERK [PERSONAL APPEARANCE] WILL HELP YOU!**

Civil Court of the City Of New York

County of KINGS

BARCLAYS BANK DELAWARE

Summons And Formal Complaint

R

Index No. 15597
Plaintiff's Address: 125 S WEST ST
WILMINGTON, DE 19801

*Plaintiff*

*against*

SHIRLEY WRUBEL     *Defendant(s)*

FILE NO. [Redacted]708
The basis of venue designated is:
Defendant resides in    KINGS

Transaction to place in    KINGS

*To the above named Defendant(s)*
*YOU ARE HEREBY SUMMONED* to appear in The Civil Court of the City of New York, County of KINGS    at the office of the Court Clerk at    141 LIVINGSTON ST, BKLY in the County of    KINGS    City and State of New York, within the time provided by the law as noted below and to file your answer to the annexed complaint with the Clerk: upon your failure to answer, judgement will be taken against you for the sum of $    4,782.03    together with the disbursements of this action.
Date: 09/08/16

FORSTER & GARBUS LLP ATTY FOR PLTF
60 Motor Parkway Commack NY 11725

Def.: 198 WILSON ST APT 3B BROOKLYN NY 11211-7218       TEL: (631-393-9400)

Note: The law provides that:(a) if this summons is served by its delivery to you personally within the City Of New York, you must appear and answer within    20    days after such service; or (b) If this summons is served by delivery to any person other than you personally, or is served outside the City of New York, or by publication, or by any means other than personal delivery to you within the City of New York, you are allowed    30 days after proof of service thereof is filed with the Clerk of this Court within which to appear and answer.

Original Account# ending in: 4481

FILE NO. [Redacted]708                              Page 1                              COPY

**FORMAL COMPLAINT**

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS

BARCLAYS BANK DELAWARE

           *against*         *Plaintiff*

SHIRLEY WRUBEL        *Defendant(s)*

Plaintiff, by its attorney(s) complaining of the Defendant(s), upon information and belief, alleges:

1. That Defendant(s) resides in the county in which this action is brought; or that Defendant(s) transacted business within the county in which this action is brought in person or through his agent and that the instant cause of action arose out of said transaction.
2. ON INFORMATION AND BELIEF DEFENDANT IN PERSON OR BY AGENT MADE CREDIT CARD PURCHASES AND/OR TOOK MONEY ADVANCES UNDER A CREDIT AGREEMENT - AT DEFENDANTS REQUEST; A COPY OF WHICH AGREEMENT WAS FURNISHED TO DEFENDANT AT THE TIME THE ACCOUNT WAS OPENED.
3. THERE REMAINS AN AGREED BALANCE ON SAID ACCOUNT OF $ 4,782.03
4. DEFENDANT(S) IS IN DEFAULT AND DEMAND FOR PAYMENT HAS BEEN MADE.
5. PLAINTIFF STATED AN ACCOUNT TO DEFENDANT WITHOUT OBJECTION BY DEFENDANT.
6. PLAINTIFF IS A FOREIGN CORPORATION.

PLAINTIFF IS THE ORIGINAL CREDITOR AND IS NOT REQUIRED TO BE LICENSED BY THE NYC DEPARTMENT OF CONSUMER AFFAIRS.

2ND CAUSE/ACTION: PLAINTIFF STATED AN ACCOUNT TO DEFENDANT WITHOUT OBJECTION

There is due Plaintiff from Defendant(s) the amount in the complaint, no part of which has been paid, although duly demanded

WHEREFORE Plaintiff demands judgement against Defendant(s) for the sum of $ 4,782.03 together with the disbursements of this action.

WE ARE DEBT COLLECTORS; ANY INFORMATION OBTAINED WILL BE USED IN ATTEMPTING TO COLLECT THIS DEBT.

FORSTER & GARBUS LLP
TEL # 1-631-393-9400
**ATTORNEY(S) FOR PLAINTIFF**
60 MOTOR PARKWAY
COMMACK, NY 11725

PURSUANT TO PART 130-1.1-a OF THE RULES OF THE CHIEF ADMINISTRATOR THIS SIGNATURE APPLIES TO THE ATTACHED SUMMONS AND COMPLAINT

*[signature]*

VALERIE E. WATTS  JOEL D. LEIDERMAN  KEVIN M. KNAB  TESS E. GUNTHER

DATED: THE 08 DAY OF SEPTEMBER ,2016
FILE NO. D87XXX0708      Page 3      COPY